IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD HARMON,

Plaintiff, No. CIV S-10-2090 MCE DAD

v.

NCO FINANCIAL SYSTEMS, INC., ORDER

Defendant.

_________________________________/

Before the court is a proposed stipulated protective order (Doc. No. 11) that includes two provisions related to the use of confidential documents in court proceedings. Paragraph 3 permits the parties to designate as "confidential" any testimony taken at a deposition, conference, hearing or trial "by making a statement to that effect on the record" at the proceeding and making arrangements with the court reporter to separately bind all portions of the transcript containing testimony designated as confidential. Paragraph 9 provides as follows:

> If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential-Subject to Court Order" and filed under seal until further order of this court.

(Doc. No. 11 ¶ 9.) Absent from the proposed stipulated protective order is any provision requiring a party to obtain a court order that authorizes the sealing of a specific document or

specific portions of a document. Instead, the parties' proposed order authorizes the sealing of entire documents filed with the court based solely on a blanket provision contained in the proposed protective order.

All documents filed with the court are presumptively public.[1] See San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999). Rule 26 of the Federal Rules of Civil Procedure provides a mechanism by which a party may, in appropriate circumstances, propose means of protecting the claimed confidentiality of information in certain documents filed in a specific case. Fed. R. Civ. P. 26(c). Protective orders pursuant to Rule 26(c) are intended to safeguard the parties and other persons in light of the broad discovery rights authorized in Rule 26(b). United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982).

Whether or not a protective order is entered in a case is subject to the discretion of the court. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984) (holding that Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required"); Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002) (noting the district court's "broad latitude to grant protective orders to prevent disclosure of materials for many types of information"). A protective order will not be entered absent a showing of good cause. Fed. R. Civ. P. 26(c); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130-31 (9th Cir. 2003); Phillips, 307 F.3d at 1210 ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary."). A party's mere desire for a protective order does not constitute good cause to bar the public from access to litigation documents. Rather, the party seeking protection bears the burden of showing specific prejudice or harm, including, with respect to individual documents, a particular and specific need

[1] A party may, however, have a right to protect from public disclosure information that has been produced to another party in discovery but has not been filed with the court. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 & n.19, 37 (1984).

for protection. Phillips, 307 F.3d at 1210-11; San Jose Mercury News, 187 F.3d at 1102-03.

"If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Phillips, 307 F.3d at 1211. Accordingly, a stipulation or a motion for entry of a protective order must show a particularized need for protection as to each individual document or piece of information proposed to be covered by the order, must show why the need for protection should be addressed by court order as opposed to a private agreement between or among parties, and must describe the types of documents or information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the types of documents or information. See San Jose Mercury News, 187 F.3d at 1103 (holding that blanket stipulated protective orders "are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document").

This court will not enter a protective order that enables the parties to designate so much material as "confidential" that, in essence, entire case filings are sealed. Nor will this court approve an order giving blanket authority to the parties to designate what will be filed under seal. The parties' request for entry of the proposed protective order will be denied without prejudice to the submission of an amended stipulated protective order that cures the defects described in this order.

Accordingly, IT IS ORDERED that the parties' January 3, 2011 Stipulated Protective Order (Doc. No. 11) is not approved as currently presented.

DATED: January 4, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.civil\harmon2090.ord.spo